## Objections to Democratic Certificate of Nomination

*Anthony Cavalcante,* for petitioner.

*Harry J. Rubin,* Deputy Attorney General, and *Herbert B. Cohen,* Attorney General, for Commonwealth.

RICHARDS, P. J., October 24, 1956.—This matter comes before us on the petition of Anthony Cavalcante to set aside the Democratic certificate of nomination in which it nominated Thomas J. Kalman as a candidate for senator to fill a vacancy in the 32nd Senatorial District. The vacancy occurred by reason of the resignation of the incumbent. A special election was fixed for November 6, 1956, to fill said vacancy.

Section 632 of the Pennsylvania Election Code of June 3, 1937, P. L. 1333, as amended by section 3 of the Act of May 23, 1949, P. L. 1656, 25 PS §2782, provides that nominating certificates which are accepted and filed shall be deemed valid, unless objections thereto are duly made in writing. It was under this section that the present proceeding was instituted.

The petition charges that the certificate of nomination did not conform to the requirements of section 630 of the Pennsylvania Election Code of June 3, 1937, P. L. 1333, as amended by the Act of May 23, 1949, P. L. 1656, sec. 3, 25 PS §2780. This section authorizes each political *party* to file a nomination certificate

for candidate at a *special* election. This certificate must show:

"(a) The office and district, if any, for which it is filed;

"(b) The cause of the vacancy;

"(c) The rule or rules of the political party, setting forth the provisions applicable to the nomination of a candidate or candidates to fill said vacancy;

"(d) That a quorum of the committee, caucus or convention as provided by the party rules, duly convened, and the names of those present at said meeting, or their proxies; that said persons are the duly appointed or elected members of said committee, caucus or convention;

"(e) The name, residence and occupation of the candidate duly nominated at said meeting."

While the certificate before us is not perfect, it substantially complies with the requirements of the Act. The testimony reveals that under the rules of the Democratic Party, the State Executive Committee has the power to make the nomination. The meeting of this committee was called, convened at Harrisburg on a specific date; of the total membership of 36, 18 members were personally present and eight were represented by proxy. The 26 members, being a quorum, voted unanimously to nominate Thomas J. Kalman. The minutes so reveal. The certificate was duly executed by the chairman and secretary and filed with the Secretary of the Commonwealth. We feel that the certificate is in substantial compliance with the law and that, in view of the shortness of time, it is unnecessary to permit an amendment to make it more specific.

Petitioner seems to feel that the candidate should affix the usual affidavit required by law to nominating petitions for a regular election. He further urges that the only ones who may lawfully choose the candidate must be electors of the election district in question. As

we read the law, this is not required when the election is a special one and the nomination is made by a political party.

It has likewise been contended that the construction we have given brings about an unconstitutional result. No authority has been adduced to support this proposition, nor do we feel that a legal provision long established should be lightly set aside. It is our conclusion that the sections in question are not unconstitutional and that the certificate of nomination was made in compliance with law.

### Order

And now, to wit, October 24, 1956, the prayer of the petition is refused and the petition dismissed, at the cost of petitioner.